**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| KANSAS CITY CEMENT MASONS<br>PENSION FUND, a Trust Fund,<br><br>    and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE KANSAS CITY CEMENT<br>MASONS PENSION FUND,<br><br>    and<br><br>CEMENT MASONS AND PLASTERERS LOCAL 518<br>HEALTH CARE FUND, a Trust Fund,<br><br>    and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE CEMENT MASONS AND<br>PLASTERERS LOCAL 518 HEALTH CARE FUND,<br><br>    and<br><br>CEMENT MASONS AND PLASTERERS<br>LOCAL 518 VACATION FUND, a Trust Fund,<br><br>    and<br><br>DAVID KIRKPATRICK and ERICA JENKINS<br>TRUSTEES OF THE CEMENT MASONS AND<br>PLASTERERS LOCAL 518 VACATION FUND,<br><br>    and<br><br>CEMENT MASONS APPRENTICESHIP AND TRAINING<br>FUND, a Trust Fund,<br><br>    and<br><br>DAVID KIRKPATRICK AND DR. RICHARD BRUCE<br>TRUSTEES OF THE CEMENT MASONS<br>APPRENTICESHIP AND TRAINING FUND,<br><br>                       Plaintiffs,<br>    vs. | **No.** |

**COST OF WISCONSIN, INC.**
**[SERVE: CSC-LAWYERS INCORPORATING SERVICE CO.** )
        **Registered Agent** )
        **221 Bolivar Street** )
        **Jefferson City, MO 645101]** )
                                          )
                Defendant. )

## COMPLAINT

### COUNT I

Come now Plaintiffs, Kansas City Cement Masons Pension Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund, and, for their cause of action under Count I against Defendant, state:

    1. This action arises under and jurisdiction is founded on Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. 1132 and 29 U.S.C. 1145.

    2. Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Kansas City Cement Masons Pension Fund who are authorized to maintain this action on behalf of the Pension Fund and the Trustees of the Kansas City Cement Masons Pension Fund; Plaintiff, Kansas City Cement Masons Pension Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1003.

    3. Said Plaintiff Fund was established on January 26, 1966, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union"); that

the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant is a Wisconsin corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant at all times material herein employed Cement Masons performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. 151, and 29 U.S.C. 185.

8. Defendant on or about **October 24, 2001**, stipulated and agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between The Builders Association of Missouri and the Union; that Defendant is thereby bound by all collective bargaining agreements in effect on said date and subsequent thereto.

9. Cement Mason employees of the Defendant were employed under the terms of the collective bargaining agreements between The Builders Association of Missouri and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff

Fund various sums per hour for each employee covered by and subject to said agreements from **October 24, 2001,** to the present date and thereafter; and during said period to submit written reports within ten days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. Defendant has failed and refused to submit correct remittance reports and correct contributions to Plaintiffs from **January 1, 2013,** to date, and Plaintiffs are unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant covering the period **August 16, 2015**, to date.

11. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

12. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

13. An audit of Defendant's books and records for the period **January 1, 2013 through August 15, 2015**, shows that Defendant owes Plaintiffs **FOUR THOUSAND, FIVE HUNDRED FIFTY-ONE AND 68/100 ($4,551.68) DOLLARS** in unpaid fringe benefit contributions, **NINE HUNDRED TEN AND 34/100 ($910.34) DOLLARS** as and for liquidated damages and **ONE HUNDRED SIXTY-THREE AND 14/100 ($163.14) DOLLARS** as and for interest.

14. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

15. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

16. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

17. Defendant is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

18. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **August 16, 2015,** to date; and

B. For judgment against Defendant in the amount of **FOUR THOUSAND, FIVE HUNDRED FIFTY-ONE AND 68/100 ($4,551.68) DOLLARS** in unpaid fringe benefit contributions, **NINE HUNDRED TEN AND 34/100 ($910.34) DOLLARS** as and for liquidated damages and **ONE HUNDRED SIXTY-THREE AND 14/100 ($163.14) DOLLARS** for interest due and owing for the period **January 1, 2013 through August 15, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **August 16, 2015**, to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I.  For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J.  For judgment against Defendant for costs incurred in this action; and

K.  For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Health Care Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund, and, for their cause of action under Count II against Defendant state:

1.  Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund who are authorized to maintain this action on behalf of the Health Care Fund and the Trustees of the Cement Masons and Plasterers Local 518 Health Care Fund; Plaintiff Cement Masons and Plasterers Local 518 Health Care Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.  Said Plaintiff Fund was established on April 1, 1962, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Bricklayers, Masons and Plasterers Union, Local Union No. 18 of Kansas and Local Unions Nos. 4 and 21 of Missouri (hereinafter referred to as "Union"); pursuant to the provisions of the Trust Agreement, Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO, became a party to said Trust

Agreement effective June 18, 1960; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

3. An audit of Defendant's books and records for the period **January 1, 2013 through August 15, 2015** shows that Defendant owes Plaintiffs **TEN THOUSAND, SEVEN HUNDRED ELEVEN AND 45/100 ($10,711.45) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, ONE HUNDRED FORTY-TWO AND 29/100 ($2,142.29) DOLLARS** as and for liquidated damages and **THREE HUNDRED NINETY AND 06/100 ($390.06) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **August 16, 2015,** to date; and

B. For judgment against Defendant in the amount of **TEN THOUSAND, SEVEN HUNDRED ELEVEN AND 45/100 ($10,711.45) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, ONE HUNDRED FORTY-TWO AND 29/100 ($2,142.29) DOLLARS** as and for liquidated damages and **THREE HUNDRED NINETY AND 06/100 ($390.06) DOLLARS** for interest due and owing for the period **January 1, 2013 through August 15, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **August 16, 2015,** to date; and

C. For judgment against Defendant for liquidated damages; and

D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

{00303272;CM16-167;DJP }

E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

J. For judgment against Defendant for costs incurred in this action; and

K. For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Cement Masons and Plasterers Local 518 Vacation Fund, a Trust Fund, and David Kirkpatrick and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund, and, for their cause of action under Count III against Defendant, state:

1. Plaintiffs, David Kirkpatrick and Erica Jenkins, are duly appointed and acting Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Cement Masons and Plasterers Local 518 Vacation Fund; Plaintiff Cement Masons and Plasterers Local 518 Vacation

{00303272;CM16-167;DJP }

Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on April 1, 1986, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's books and records for the period **January 1, 2013 through August 15, 2015** shows that Defendant owes Plaintiffs **THREE THOUSAND, FOUR HUNDRED NINETY AND 38/100 ($3,490.38) DOLLARS** in unpaid fringe benefit contributions, **SIX HUNDRED NINETY-EIGHT AND 08/100 ($698.08) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWENTY-FIVE AND 30/100 ($125.30) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **August 16, 2015,** to date; and

B. For judgment against Defendant in the amount of **THREE THOUSAND, FOUR HUNDRED NINETY AND 38/100 ($3,490.38) DOLLARS** in unpaid fringe benefit contributions, **SIX HUNDRED NINETY-EIGHT AND 08/100 ($698.08) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWENTY-FIVE AND 30/100 ($125.30) DOLLARS** for interest due and owing for the period **January 1, 2013 through August 15, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered

by said agreements times the hourly amounts due under said agreements for the period **August 16, 2015,** to date; and

  C. For judgment against Defendant for liquidated damages; and

  D. For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

  E. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

  F. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

  G. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

  H. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

  I. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

  J. For judgment against Defendant for costs incurred in this action; and

  K. For such other relief as the Court may deem appropriate.

## **COUNT IV**

Come now Plaintiffs, Cement Masons Apprenticeship and Training Fund, a Trust Fund, and Dr. Richard Bruce and Erica Jenkins, duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and the Trustees of the Cement Masons Apprenticeship and Training Fund, and, for their cause of action under Count IV against Defendant, state:

1. Plaintiffs, Dr. Richard Bruce and Erica Jenkins are duly appointed and acting Trustees of the Cement Masons Apprenticeship and Training Fund who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Cement Masons Apprenticeship and Training Fund; Plaintiff Cement Masons Apprenticeship and Training Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2. Said Plaintiff Fund was established on June 1, 1993, pursuant to the collective bargaining agreement between the Builders Association of Missouri (hereinafter referred to as "Association") and Cement Masons Local Union No. 518 of the Operative Plasterers and Cement Masons International Association, AFL-CIO (hereinafter referred to as "Union").

3. An audit of Defendant's books and records for the period **January 1, 2013 through August 15, 2015,** shows that Defendant owes Plaintiffs **THREE HUNDRED SIXTY-NINE AND 30/100 ($369.30) DOLLARS** in unpaid fringe benefit contributions, **SEVENTY-THREE AND 86/100 ($73.86) DOLLARS** as and for liquidated damages and **THIRTEEN AND 93/100 ($13.93) DOLLARS** as and for interest.

4. Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Fifteen (15), Sixteen (16), Seventeen (17), Eighteen (18) and Nineteen (19) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. An Order directing that an accounting be made of Defendant's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreements from **August 16, 2015,** to date; and

B. For judgment against Defendant in the amount of **THREE HUNDRED SIXTY-NINE AND 30/100 ($369.30) DOLLARS** in unpaid fringe benefit contributions, **SEVENTY-THREE AND 86/100**

**($73.86) DOLLARS** as and for liquidated damages and **THIRTEEN AND 93/100 ($13.93) DOLLARS** for interest due and owing for the period **January 1, 2013 through August 15, 2015**; and for judgment against Defendant in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **August 16, 2015,** to date; and

    C.    For judgment against Defendant for liquidated damages; and

    D.    For judgment against Defendant for interest on the unpaid fringe benefit contributions; and

    E.    For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

    F.    For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

    G.    For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

    H.    For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. 1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

    I.    For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

    J.    For judgment against Defendant for costs incurred in this action; and

    K.    For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Michael G. Newbold*
Michael G. Newbold, No. 25523

*/s/ John J. Westerhaus*
John J. Westerhaus, No. 65266
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
(816) 421-5788
FAX (816) 471-5574
Attorneys for Plaintiffs